JOURNAL ENTRY and OPINION
{¶ 1} On October 3, 2003, the applicant, Tony Alexander, pursuant to App.R. 26(B) claiming ineffective assistance of appellate counsel, filed his application to reopen this court's judgment in State v. Tony Alexander, Cuyahoga App. No. 81529, 2003-Ohio-760, in which this court affirmed his convictions for possession of drugs and preparation of drugs for sale. On October 21, 2003, the State of Ohio, through the Cuyahoga County Prosecutor, filed its brief in opposition. For the following reasons, this court denies the application.
 {¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. Alexander filed his application approximately seven months after this court's decision.[1] Thus, it is untimely on its face. In an effort to establish good cause, Alexander argues that his appellate counsel induced him to appeal to the Supreme Court of Ohio and then did not inform him that the supreme court had dismissed the appeal, and further he claims he is indigent, not trained in the law, and does not have adequate legal resources.
 {¶ 3} However, these rationales do not establish good cause for untimely filing of an application to reopen. In State v.Lamar (Oct. 15, 1985), Cuyahoga App. No. 49551, reopening disallowed (Nov. 15, 1995), Motion No. 63398, this court held that lack of communication with appellate counsel did not show good cause. Similarly, in State v. White (Jan. 31, 1991), Cuyahoga App. No. 57944, reopening disallowed (Oct. 19, 1994), Motion No. 49174 and State v. Allen (Nov. 3, 1994), Cuyahoga App. No. 65806, reopening disallowed (July 8, 1996), Motion No. 67054, this court rejected reliance on counsel as showing good cause. Specifically, in State v. Fortson (Dec. 17, 1998), Cuyahoga App. No. 72229, reopening disallowed (Jan. 23, 2001), Motion No. 18195, this court ruled that an attorney's delay in notification of an appellate decision does not state good cause. Cf. State v. Moss (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, reopening disallowed (Jan. 16, 1997), Motion No. 75838;State v. McClain (Aug. 3, 1995), Cuyahoga App. No. 67785, reopening disallowed (Apr. 15, 1997), Motion No. 76811; andState v. Russell (May 9, 1996), Cuyahoga App. No. 69311, reopening disallowed (June 16, 1997), Motion No. 82351.
 {¶ 4} Additionally, the courts have consistently ruled that lack of knowledge or ignorance of the law does not provide sufficient cause for untimely filing. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481;State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v.Cummings (Oct. 17, 1996), Cuyahoga App. No. 69966, reopening disallowed (Mar. 26, 1998), Motion No. 92134; and State v.Young (Oct. 13, 1994), Cuyahoga App. Nos. 66768 and 66769, reopening disallowed (Dec. 5, 1995), Motion No. 66164. Ignorance of the law is no excuse. Nor does indigence provide good cause. The overwhelming number of applicants under App.R. 26(B) are indigent, and those who are diligent file timely. The courts have also repeatedly rejected the claim that limited access to legal materials states good cause for untimely filing. Prison riots, lockdowns and other library limitations have been rejected as constituting good cause. State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72547 and 72547, unreported, reopening disallowed (Aug. 14, 2000), Motion No. 16752; State v. Hickman
(Apr. 30, 1998), Cuyahoga App. No. 72341, unreported, reopening disallowed (Dec. 13, 2000), Motion No. 20830; State v. Turner
(Nov. 16, 1989), Cuyahoga App. No. 55960, unreported, reopening disallowed (Aug. 20, 2001), Motion No. 23221; and State v.Stearns (July 24, 2000), Cuyahoga App. No. 76513, reopening disallowed (Feb. 14, 2002), Motion No. 27761. Accordingly, this application is properly dismissed as untimely.
 {¶ 5} Moreover, Edward Wade represented Alexander throughout these proceedings from the trial court to the Supreme Court of Ohio. Because an attorney cannot be expected to argue his own incompetence during a trial, an appellate counsel who was also trial counsel is not ineffective for failing to argue the ineffectiveness of trial counsel. State v. Lambrecht (1989),58 Ohio App.3d 86, 568 N.E.2d 743; State v. Stovall (Jan. 22, 1998), Cuyahoga App. No. 72149, reopening disallowed (Feb. 10, 1999), Motion No. 98564; State v. Viceroy (May 20, 1996), Cuyahoga App. No. 68890, reopening disallowed (Mar. 25, 1999), Motion No. 01910; State v. Fuller (Nov. 8, 1993), Cuyahoga App. Nos. 63987 and 63988, reopening disallowed (Oct. 14, 1994), Motion No. 56538; and State v. Scott (Sept. 7, 1995), Cuyahoga App. No. 67148, reopening disallowed (Jan. 28, 1998), Motion No. 83321. Therefore, Alexander's appellate counsel was not ineffective for failing to argue the ineffectiveness of trial counsel.
 {¶ 6} Even assuming arguendo that the petition was timely and that an attorney should be expected to argue his own incompetence, Alexander's arguments are still not well taken. In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984),466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 7} In Strickland, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"Strickland, 104 S.Ct. at 2065.
 {¶ 8} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen,77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.
 {¶ 9} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: that but for the unreasonable error, there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 10} Alexander's case rested on the success of a motion to suppress. Law enforcement officers in Ohio had received a tip that a Tony Alexander was transporting drugs from New York, that he was carrying only one bag, and was riding on a train for which he had purchased a last-minute ticket with cash. When Alexander got off the train, the officers asked him a few questions. His answers were inconsistent and he was nervous. The officers seized the bag, obtained a search warrant, and found approximately 1,000 grams of cocaine.
 {¶ 11} During the suppression hearing, Alexander's counsel, Mr. Wade, argued that the police failed to exercise due diligence and engaged in bad faith and that the application for a search warrant was insufficient. He cross-examined the officers specifically to support these arguments, which, if successful, would have resulted in the suppression of the incriminating evidence.
 {¶ 12} On appeal, counsel argued the following: (1) The officers lacked a specific and articulable reason to stop Alexander; the court rejected this argument and ruled that there was nothing remotely coercive in the officers' questioning of Alexander. (2) The seizure of the bag was unjustified, but this court held that the officers had sufficient reason to briefly seize the bag for further investigation. (3) The officers failed to exercise due diligence in their investigation of the bag, but this court ruled that under the totality of the circumstances the officers did exercise due diligence. (4) The search warrant was defective because it omitted critical evidence that the drug-sniffing dog failed to alert and because it failed to establish probable cause; again, the court rejected these arguments.
 {¶ 13} Alexander now submits in shotgun fashion numerous alternative and variant arguments which he claims his appellate counsel should have made. Perhaps the most serious of these charges is that counsel failed to develop and preserve the record. A copy of the search warrant was not made part of the record; Alexander includes such a copy in his application materials. Upon reviewing the transcript of the suppression hearing and the search warrant affidavit, this court concludes that Alexander has not shown prejudice. The hearing discussed the pertinent points of the affidavit, including the fact that the judge who issued the search warrant knew that the drug-sniffing dog had not alerted. Thus, this court made its decision on a firm foundation, and the inclusion of the search warrant affidavit would not have helped Alexander.
 {¶ 14} Next, Alexander complains that his counsel did not develop the facts by insufficiently cross-examining the officers and not allowing Alexander to testify. Alexander claims these lapses prevented him from showing that the officers really did seize him and violate his constitutional rights. The record shows that counsel had a valid, multi-point strategy to suppress the evidence and that his tactics supported that strategy. Pursuant to the admonitions in Strickland, Barnes, and Allen, this court will not second-guess counsel's strategy and tactics. Indeed, all of Alexander's contentions can be rejected because of this point.
 {¶ 15} Moreover, many of Alexander's arguments, such as the "chain of custody" argument, the premature search argument, and the invasion of privacy argument were too weak and too speculative to include. The court also notes counsel did make many of the arguments which Alexander lists, such as the sufficiency of the affidavit and the propriety of the seizure of the bag.
 {¶ 16} Accordingly, this court denies the application to reopen.
Kilbane, J., and Cooney, J., concur.
[1] This court journalized its decision on March 3, 2003.