JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Melton, Cuyahoga County Court of Common Pleas Case No. CR-424010, applicant was convicted of assault on a peace officer (R.C. 2903.13) and obstructing official business (R.C. 2921.31). This court affirmed that judgment in State v. Melton, Cuyahoga App. No. 82765, 2004-Ohio-5483. Melton did not appeal to the Supreme Court of Ohio.
 {¶ 2} Applicant has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming applicant's conviction was journalized on October 25, 2004. The application was filed on October 6, 2005, clearly in excess of the ninety-day limit.
 {¶ 5} Melton merely states that he was "unable to timely file an application for reopening due to constant harassment and chronic homelessness." Melton appears, therefore, to be claiming that he was not able to file his application within ninety days because he was somehow prevented access to legal materials and is indigent.
Ignorance of the law is no excuse. Nor does indigence provide good cause. The overwhelming number of applicants under App.R. 26(B) are indigent, and those who are diligent file timely. The courts have also repeatedly rejected the claim that limited access to legal materials states good cause for untimely filing. Prison riots, lockdowns and other library limitations have been rejected as constituting good cause.
State v. Alexander, Cuyahoga App. No. 81529, 2004-Ohio-3861, at ¶ 4 (citations deleted). In light of Alexander, we must conclude that Melton has not demonstrated good cause for the untimely filing of his application.
 {¶ 6} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. Lamar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See also: State v. Collier, Cuyahoga App. No. 51993, 2005-Ohio-___; Statev. Garcia, Cuyahoga App. No. 74427, 2005-Ohio-___.
 {¶ 7} As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
Blackmon, A., J., Karpinski, P.J., concurs.