JOURNAL ENTRY AND OPINION
{¶ 1} A jury found defendant Aubrey Waller guilty of murder, kidnapping, aggravated robbery, grand theft motor vehicle, multiple counts of felonious assault, and having a weapon while under disability. In this appeal, he castigates trial counsel for failing to raise the affirmative defense of self-defense with respect to the murder and felonious assault counts. He also contests the sufficiency of the evidence relating to various counts.
 {¶ 2} The events forming the basis of Waller's conviction arise from the same facts as detailed in State v. Ervin,
Cuyahoga App. No. 87333, 2006-Ohio-4498. In Ervin, we affirmed a jury verdict of guilt entered against Waller's codefendant on the same facts and the same multiple counts. A complete recitation of facts is therefore unnecessary here, and the interested reader is referred to Ervin for a more complete statement. For our purposes here, it will suffice to note that the victim, Darnell Lester, had previously been used by the FBI as an informant. Witnesses said that Ervin and codefendant Aubrey Waller abducted Lester from a store. They demanded money and drugs, and forced him to use his cell phone to raise the ransom. Lester pretended to be calling a drug dealer, but in fact called his FBI handler. Lester communicated to the handler that he was being held hostage, and the handler told him where to direct the captors for what was purported to be a ransom payment. In fact, the handler had arranged for a SWAT team to wait at a fast-food restaurant and intervene.
 {¶ 3} The suspects and Lester arrived about 2:00 a.m. and agents closed in with their SWAT vans flashing blue strobe lights. Ervin, the driver, drove toward an agent as though to run him over. The agent fired three rounds. Two hit Ervin in the face and hand. The third hit Lester in the abdomen, killing him. Waller leapt out and fired two shots at the agents until his 9mm handgun jammed.
 I {¶ 4} Waller first argues that counsel rendered ineffective assistance of counsel by failing to request that the jury be instructed on self-defense. He characterized himself as an unwitting passenger in Ervin's car who found himself in the middle of a gun fight between Ervin and federal agents. He argues that at worst, he and Ervin had set up a drug buy and were surprised to be surrounded by the SWAT team. Confused by the presence of the SWAT team for what they thought would be a simple drug transaction, they lawfully responded in self-defense with deadly force.
 {¶ 5} An extended discussion of counsel's duties to a client and the niceties of the law of self-defense would be pointless here. For our purposes, we need only mention that the first element to be established by an accused seeking to assert self-defense is that he was not at fault in creating the situation giving rise to the affray. State v. Robbins (1979),58 Ohio St.2d 74, paragraph two of the syllabus. The evidence showed that Waller and Ervin kidnapped Lester, held him at gunpoint while demanding that he give them drugs, and then drove to a rendezvous point. In doing so, they set in motion a chain of events that culminated in federal agents moving in to make arrests. It was during the course of the arrests that Waller and Ervin responded with deadly force. Because Waller instigated the events giving rise to his use of deadly force, he could not prove an essential element of the affirmative defense.
 {¶ 6} We likewise reject Waller's argument that he had the right to defend himself once he saw the federal agents displaying deadly force of their own when making the arrest. By his own reasoning, Waller would have been guilty of resisting arrest under R.C. 2921.33(A) when he resisted his own arrest with the use of force. Abundant evidence showed that the vehicles driven by the agents had activated blue strobe lights. By his own admission, Waller knew that he and Ervin were surrounded by SWAT team members and FBI special agents in what Waller says were "unmarked monstrous vehicles." The SWAT team members wore jumpsuits with the letters "SWAT" emblazoned on them. One of the agents exited his vehicle with a weapon drawn, but immediately found himself in the path of the vehicle driven by the defendants, which was bearing down on him as if to run him over. The agent fired at the vehicle, striking Ervin. Waller then jumped out of the vehicle and started shooting. On these facts, there was no justification for Waller's use of force since he and Ervin used force while resisting their own arrest.
 {¶ 7} This evidence clearly admits no other interpretation than Waller and Ervin caused the events which led to police intervention and then ignored orders by the police to stop and instead used deadly force in an attempt to escape. Because Waller could not show that he acted in self-defense, counsel violated no duty by failing to raise what would have been a futile affirmative defense. In this same vein, we summarily reject any argument that the court had an independent duty to charge the jury on the same facts.
 II {¶ 8} Waller next claims that there was insufficient evidence to find him guilty of kidnapping, aggravated robbery and grand theft motor vehicle. Unfortunately, he sets forth no argument whatsoever to prove this point, in violation of App.R. 16(A)(7). His entire argument is this:
 {¶ 9} "A careful review of all the evidence introduced at trial regarding the preceding events as charged in counts two, three, four, five and six, should convince the reviewing court that the trial judge erred in failing to grant the defendant Waller's motion for judgment of acquittal, pursuant to Crim.R. 29(A), Ohio Rules of Criminal Procedure. The defendant properly preserved this issue for review on direct appeal." Appellant's brief at 18.
 {¶ 10} This is woefully inadequate as it does nothing to tell us why there was insufficient evidence to support the conviction. At a minimum, such an argument must show the relationship between the elements of each charged offense and the evidence produced at trial going to each of those elements. Instead, Waller does nothing more than recite applicable standards of review, with no showing as to how any facts of this case relate to that law. Pursuant to App.R. 12(A)(2), we disregard this assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., concurs.
Dyke, A.J., Concurs in Judgment Only.