{¶ 1} In State v. Whittsette, Cuyahoga County Court of Common Pleas Case No. CR-451487, applicant, Dorez Whittsette, was convicted of felonious assault with firearm specifications and having a weapon while under disability. This court affirmed that judgment in State v.Whittsette, Cuyahoga App. No. 85478, 2005-Ohio-4824. Whittsette did not appeal to the Supreme Court of Ohio.
 {¶ 2} Whittsette has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assign purported errors regarding his sentence, admission of evidence regarding Whittsette's prior conviction and the conduct of trial counsel. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming applicant's conviction was journalized on September 26, 2005. The application was filed on December 26, 2006, clearly in excess of the ninety-day limit. *Page 4 
 {¶ 5} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. We need not, therefore, examine the merits of this application if Whittsette failed to demonstrate good cause for failing to file a timely application.
 {¶ 6} Whittsette asserts that he is indigent, has been incarcerated and was prevented from discovering and addressing appellate counsel's conduct because of limited access to resources and materials. He also states that he has limited knowledge and access to information. It is well-established that indigence, ignorance of the law and limited access to legal materials do not provide sufficient cause for the untimely filing of an application for reopening. See, e.g., State v.Alexander, Cuyahoga App. No. 81529, 2004-Ohio-3861, at ¶ 4. We must conclude, therefore, that Whittsette has failed to demonstrate good cause for the untimely filing of his application for reopening.
 {¶ 7} Whittsette's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See also: State v.Collier (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed2005-Ohio-5797, Motion No. 370333; State v. Garcia (July 8, 1999), Cuyahoga App. No. 74427, reopening *Page 5 
disallowed, 2005-Ohio-5796, Motion No. 370916. As a consequence, Whittsette has not met the standard for reopening.
 {¶ 8} Accordingly, the application for reopening is denied.
 ANTHONY O. CALABRESE, JR., P.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1