JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In State v. Waller, Cuyahoga County Court of Common Pleas Case No. CR-448726, a jury returned a verdict of guilty against applicant, Aubrey Waller, on the following charges (each of which included a firearm specification): murder, kidnapping, aggravated robbery, grand theft motor vehicle and six counts of felonious assault. The jury also found him guilty of having weapons while under disability and carrying concealed weapons. This court affirmed that judgment in State v.Waller, Cuyahoga App. No. 87279, 2006-Ohio-4891. Waller did not appeal to the Supreme Court of Ohio.
 {¶ 2} Waller has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assign errors regarding the following purported issues: the imposition of maximum, consecutive sentences; consecutive sentences for a lesser included offense; hearsay statements of a deceased declarant; the denial of counsel at the arraignment; and the trial court's denial of funds for a ballistics expert.
 {¶ 3} We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 4} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good *Page 4 
cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 5} This court's decision affirming applicant's conviction was journalized on October 2, 2006. The application was filed on September 19, 2007, clearly in excess of the ninety-day limit.
 {¶ 6} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. We need not, therefore, examine the merits of this application if Waller failed to demonstrate good cause for failing to file a timely application.
 {¶ 7} As good cause in support of his untimely filing of the application, Waller states that he is imprisoned outside Ohio and has no access to Ohio legal materials. He also claims that he is indigent. "[I]ndigence [does not] provide good cause. The overwhelming number of applicants under App.R. 26(B) are indigent, and those who are diligent file timely. The courts have also repeatedly rejected the claim that limited access to legal materials states good cause for untimely filing. Prison riots, lockdowns and other library limitations have been rejected as constituting good cause." State v. Alexander, Cuyahoga App. No. 81529, 2004-Ohio-3861, at ¶ 4 (citations deleted). Additionally, this court has held that being a prisoner in Pennsylvania without access to Ohio legal materials or being a federal prisoner also *Page 5 
without access to Ohio legal materials does not constitute good cause for the untimely filing of an application for reopening. See State v.Bruce (Apr. 9, 2002), Cuyahoga App. No. 70982, at 7-8. In light ofAlexander and Bruce, we must conclude that Waller has not demonstrated good cause for the untimely filing of his application.
 {¶ 8} Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See also: State v.Collier (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed2005-Ohio-5797, Motion No. 370333; State v. Garcia (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916. As a consequence, applicant has not met the standard for reopening.
 {¶ 9} We also note that, although Waller has included with his application what he calls an "Affidavit in Support," this purported affidavit is not notarized. As such, the "Affidavit in Support" is not sufficient to comply with the requirement of App.R. 26(B)(2)(d) that an application for reopening be supported by a sworn statement of the basis for the claim that appellate counsel was ineffective. "The absence of a sworn statement in the form of an affidavit is `fatally defective.'State v. Fussell (June 1, 1999), Cuyahoga App. No. 73713, unreported, reopening disallowed (Dec. 17, 1999), Motion No. 09186, at 2-3. * * * [T]he application is not supported by an affidavit. * * *. The signature of applicant is not sufficient to comply with the formal requirements for an affidavit. See R.C. 2319.01 through 2319.04. Applicant's failure to comply with the requirement that the basis of his claim be *Page 6 
supported by a sworn statement is a sufficient basis for denying the application for reopening." State v. Trembly (Mar. 27, 2000), Cuyahoga App. No. 75996, reopening disallowed (Oct. 30, 2000), Motion No. 16908, at 2.
 {¶ 10} Accordingly, the application for reopening is denied.
 Ann Dyke, J., and Mary J. Boyle, J., concur *Page 1