[Cite as *State v. Huber*, 2011-Ohio-3240.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 93923**

---

## STATE OF OHIO

APPELLANT

vs.

## JOSEPH HUBER

APPELLEE

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-521813
Motion No.   445331

**RELEASED DATE:**   June 27, 2011

**FOR APPELLANT**

Joseph Huber, Pro Se
Inmate No.  A574800
Trumbull Correctional Institution
P. O. Box 901
Leavittsburg, OH 44430

**ATTORNEY FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Daniel T. Van
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1}  Joseph Huber has filed an application for reopening pursuant to App.R. 26(B).  Huber is attempting to reopen the appellate judgment, as rendered in *State v. Huber*, Cuyahoga App. No. 93923, 2011-Ohio-62, which affirmed his conviction for two counts of aggravated robbery, one count of kidnapping, and one count of attempted felonious assault, but remanded for resentencing.  We decline to reopen Huber's appeal.

{¶ 2}  App.R. 26(B)(2)(b) requires that Huber establish "a showing of good cause for untimely filing if the application is filed more than 90 days

after journalization of the appellate judgment," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline as provided by App.R. 26(B)(2)(b), has firmly established that:

{¶ 3} "We now reject [applicant's] claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before [applicant's] appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. **Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.**

{¶ 4} **"Ohio and other states 'may erect reasonable procedural requirements for triggering the right to an adjudication,'** *Logan v. Zimmerman Brush Co.* **(1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed. 2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen.** [Applicant] could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * **The 90-day requirement   in the**

**rule is 'applicable to all appellants,'** *State v. Winstead* **(1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and Gumm offers no sound reason why he – unlike so many other Ohio criminal defendants – could not comply with that fundamental aspect of the rule."** (Emphasis added.) *State* v. Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶7. See, also, *State v. LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970*; State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

{¶ 5} Herein, Huber is attempting to reopen the appellate judgment that was journalized on January 13, 2011. The application for reopening was not filed until June 14, 2011, more than 90 days after journalization of the appellate judgement in *State v. Huber*, supra. Huber, in an attempt to show "good cause" for the untimely filing of his application for reopening, argues "because all of the Appellant's proper legal documentations are in Trumbull prison and he is currently in Cuyahoga County Jail pending resentencing and was not informed immediately of [the] decision."

{¶ 6} Lack of knowledge or ignorance of the time constraint, applicable to an application for reopening per App.R. 26(B), does not provide sufficient cause for untimely filing. *State v. Klein* (Mar. 28, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 249260, affirmed (1994), 69 Ohio St.3d 1481; *State v. Trammell* (July 13, 1995), Cuyahoga App.

No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 270493; *State v. Travis* (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 251073, affirmed (1995), 72 Ohio St.3d 317. See, also, *State v. Torres*, Cuyahoga App. No. 86530, 2007-Ohio-3696, reopening disallowed (Jan. 3, 2007), Motion No, 390254; *State v. Gaston* (Feb. 7. 2002), Cuyahoga App. No. 79626, reopening disallowed (Jan 17,2007), Motion No. 391555. In addition, reliance upon appellate counsel does not establish good cause for untimely filing an application for reopening. *State v. White* (Jan. 31, 1991), Cuyahoga App. No. 57944, reopening disallowed (Oct. 19, 1994), Motion No. 249174; *State v. Allen* (Nov. 3, 1994), Cuyahoga App. No. 65806, reopening disallowed (July 8, 1996), Motion No. 267054. See, also, *State v. Moss* (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, reopening disallowed (Jan. 16, 1997), Motion No. 275838; *State v. McClain* (Aug. 3, 1995), Cuyahoga App. No. 67785, reopening disallowed (Apr. 15, 1997), Motion No. 276811; *State v. Russell* (May 9, 1996), Cuyahoga App. No. 69311, reopening disallowed (June 16, 1997), Motion No. 282351. Finally, difficulty in obtaining a transcript or limited access to legal materials does not establish good cause for the untimely filing of an application for reopening. *State v. Houston*, 73 Ohio St.3d 346, 1995-Ohio-317, 652 N.E.2d 1018; *State v. Lawson*, Cuyahoga App. No. 84402, 2005-Ohio-880, reopening disallowed 2006-Ohio-3939, Motion No. 374913; *State v. Alexander*, Cuyahoga App. No.

81529, 2004-Ohio-3861, reopening disallowed 2004-Ohio-3861, Motion No. 353061; and *State v. Sanchez* (June 9. 1994), Cuyahoga App. No. 62796, reopening disallowed (Aug. 16, 2001), Motion No. 23717. Herein, Huber has failed to establish "a showing of good cause" for the untimely filing of his application for reopening, as premised upon a lack of knowledge, reliance upon his attorney, difficultly in

{¶ 7}   obtaining a transcript, and limited access to legal materials.

{¶ 8}   Accordingly, the application for reopening is denied.


KATHLEEN ANN KEOUGH, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MARY J. BOYLE, J., CONCUR