[Cite as *State v. Pate*, 2011-Ohio-5172.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95382**

---

## STATE OF OHIO

RELATOR

vs.

## DONALD PATE, JR.

RESPONDENT

---

**JUDGMENT:**
**APPLICATION DENIED**

---

Cuyahoga County Court of Common Pleas
Case No. CR-535104
Application for Reopening
Motion No. 447737

**RELEASED DATE:**     October 5, 2011

**ATTORNEY FOR APPELLANT**

Donald Pate, Pro Se
Inmate No. 590-232
Trumbull Correctional Institution
P. O. Box 901
Leavittsburg, OH 44430


**ATTORNEYS OR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, P.J.:

{¶ 1}   In *State v. Pate*, Cuyahoga County Court of Common Pleas Case No. CR-535104, applicant, Donald Pate, Jr., was convicted of aggravated robbery and robbery of one victim.   This court affirmed the convictions but remanded the case to the trial court for merger of the allied offenses of similar import.   "Since there was only one act of robbery, Pate should be convicted of only one of the two offenses."   *State v. Pate*, Cuyahoga App. No. 95382, 2011-Ohio-1692, ¶36, n.1. The Supreme Court of Ohio denied applicant's motion for delayed appeal.   *State v. Pate*, 129 Ohio St.3d 1448, 2011-Ohio-4217, 951 N.E.2d 1045.

{¶ 2} Pate has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign as error that the "cold stand" during which the victim identified Pate was unduly suggestive. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."

{¶ 4} This court's decision affirming applicant's conviction was journalized on April 7, 2011. The application was filed on September 14, 2011, clearly in excess of the ninety-day limit.

{¶ 5} Pate argues that he has good cause for filing in excess of 90 days. He "never heard from [his] Appellate Counsel giving [him this court's April 7, 2011 journal entry and opinion]." Pate's Affidavit of Good Cause. Pate also avers that: he was transferred from the Trumbull Correctional Institution ("T.C.I.") to

the Cuyahoga County jail for resentencing; he had no access to legal material or a law library while at the jail; and upon his return to T.C.I., he had no access to legal material prior to July 20, 2011. "Since then I've [been] unsuccessful with getting my transcripts." Id.

{¶ 6} "[T]his court has consistently ruled that the failure of appellate counsel to notify the applicant of the court's decision or the applicant's ignorance of the decision does not state good cause for untimely filing." *State v. West*, Cuyahoga App. No. 92508, 2009-Ohio-6217, reopening disallowed, 2010-Ohio-5576, ¶4 (citations deleted). Likewise, "difficulty in obtaining a transcript or limited access to legal materials does not establish good cause for the untimely filing of an application for reopening." *State v. Huber*, Cuyahoga App. No. 93923, 2011-Ohio-62, reopening disallowed, 2011-Ohio-3240, ¶6 (citations deleted). Obviously, this court has previously determined that each of the grounds asserted by Pate does not establish good cause for the untimely filing of his application for reopening.

{¶ 7} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1).

See, e.g., *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861; *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See also: *State v. Collier* (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed 2005-Ohio-5797, Motion No. 370333; *State v. Garcia* (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916.

{¶ 8} As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

MARY BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR