JOURNAL ENTRY AND OPINION
{¶ 1} On August 26, 2005, James Hornack, pursuant to App.R. 26(B), applied to reopen this court's judgment in State v. Hornack, Cuyahoga App. No. 81021, 2003-Ohio-426, which affirmed his sentences for sexual offenses and the sexual predator determination. The State filed a brief in opposition, and Hornack filed a reply brief. For the following reasons, this court denies the application.
 {¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the appellate decision unless the applicant shows good cause for filing at a later time. This court journalized its decision on February 10, 2003. The August 2005 application was filed approximately two and one-half years later. Thus, it is untimely on its face. In an effort to establish good cause, Hornack argues, inter alia, that under White v. Schotten (C.A. 6, 2000), 201 F.3d 743 and Bronoughv. Ohio (C.A. 6, 2001), 235 F.3d 280, he is entitled to an attorney for his application because App.R. 26(B) is part of the direct appellate process. Therefore, he claims the absence of counsel provides good cause for untimely filing.
 {¶ 3} However, Hornack's reliance on Schotten is misplaced. An application to reopen pursuant to App.R. 26(B) is essentially a postconviction petition. The Ohio Supreme Court recognized this in Supreme Court Practice Rule II, Section 2(A)(4)(b): "The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief, including appeals brought pursuant toState v. Murnahan (1992), 63 Ohio St.3d 60, and App. R. 26(B)." Thus, an applicant has no right to counsel in filing the application, and he does not show good cause if he has no counsel to file a timely App.R. 26(B) application.[1] In State v. LaMar, 102 Ohio St.3d 467, 2004-Ohio-3976,812 N.E.2d 970, and State v. Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755,814 N.E.2d 861, the Ohio Supreme Court emphasized the need to file timely. An applicant must file timely, even if he retains new counsel or files a pro se application. Thus, the lack of counsel as not providing good cause follows as a corollary. Furthermore, this court has long held that lack of counsel does not state good cause for untimely filing. InState v. Johnson (Feb. 6, 1992), Cuyahoga App. No. 59820, reopening disallowed (Apr. 17, 1997), Motion No. 79642, this court ruled that the applicant's inability to retain new counsel did not state good cause for filing four years late. See, also, State v. Miller (Mar. 23, 1992), Cuyahoga App. No. 59987, reopening disallowed (Mar. 18, 1997), Motion No. 79261.
 {¶ 4} Hornack also submits that his knowledge of law as a layman and the lack of library resources also provide good cause for filing late. However, this court has consistently rejected these reasons. State v.Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481;State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Cummings (Oct. 17, 1996), Cuyahoga App. No. 69966, reopening disallowed (Mar. 26, 1998), Motion No. 92134; and State v. Young (Oct. 13, 1994), Cuyahoga App. Nos. 66768 and 66769, reopening disallowed (Dec. 5, 1995), Motion No. 66164. Ignorance of the law is no excuse. Additionally, prison riots, lockdowns, and other library limitations have been rejected as constituting good cause. State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72547 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 16752; State v. Hickman (Apr. 30, 1998), Cuyahoga App. No. 72341, reopening disallowed (Dec. 13, 2000), Motion No. 20830 and State v.Turner (Nov. 16, 1989), Cuyahoga App. No. 55960, reopening disallowed (Aug. 20, 2001), Motion No. 23221.
 {¶ 5} In his reply brief, Hornack argues that he should not be precluded from pursuing an App.R. 26(B) application because he has been diligently pursuing other remedies, such as an appeal to the Ohio Supreme Court and a federal writ of habeas corpus. Indeed, diligent pursuit of other remedies should toll the time for filing an application to reopen. However, what this argument actually establishes is that Hornack made an election of remedies, and in doing so, he precluded his pursuing an application to reopen. The Ohio Supreme Court clearly enunciated this principle in LaMar and Gumm: "The excuse that [the applicant] and his attorneys were occupied with other appeals * * * is not `good cause' for missing the filing deadline." Gumm and LaMar at ¶ 8.
 {¶ 6} Accordingly, this application is denied as untimely.
Kilbane, J., concurs.
 Mcmonagle, J., concurs.
[1] What may constitute good cause for purposes of federal habeas corpus does not necessarily provide good cause for purposes of Ohio's App.R. 26(B) strict filing requirement.