[Cite as *State v. Gray*, 2012-Ohio-3565.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.    92646

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICARDO GRAY

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-369837
Application for Reopening
Motion No. 454323

**RELEASE DATE:**    August 3, 2012

**FOR APPELLANT, PRO SE**

Ricardo Gray
Inmate No. 368-431
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

Kristen L. Sobieski
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1} Ricardo Gray has filed an application for reopening pursuant to App.R. 26(B). Gray seeks to reopen the appellate judgment rendered in *State v. Gray*, 8th Dist. No. 92646, 2010-Ohio-11, which affirmed his conviction for murder and felonious assault. We decline to grant the application for reopening.

{¶2} App.R. 26(B)(2)(b) requires that Gray establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has firmly established that:

> We now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B). Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90- day deadline for the filing of applications to reopen. * * * The 90-day requirement in the rule is applicable to all appellants, *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental

aspect of the rule.(Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶ 7. *See also State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-248, 647 N.E.2d 784.

{¶3} Gray is attempting to open the appellate judgment journalized on January 7, 2010. The application for reopening was not filed until April 18, 2012, more than 90 days after journalization of the appellate judgment in *Gray*. Gray has failed in his effort to establish "good cause," with regard to the untimely filing of his application for reopening. Defendant's pursuit of other remedies, including an appeal to the Supreme Court of Ohio, is an election of remedies, and thus does not provide good cause for a late filing of his application to reopen his judgment. *State v. Hornack*, 8th Dist. No. 81021, 2005-Ohio-5843. Likewise, neither misplaced reliance on counsel nor lack of communication between counsel and appellant provides good cause for a late filing of his application for reopening. *See State v. Alt*, 8th Dist. No. 96289, 2012-Ohio-2054; *State v. Austin*, 8th Dist. No. 87169, 2012-Ohio-1338; *State v. Alexander,* 8th Dist No. 81529, 2004-Ohio-3861.

{¶4} Accordingly, the application for reopening is denied.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

COLLEEN CONWAY COONEY, J., and
KATHLEEN ANN KEOUGH, J., CONCUR