[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Wood v. McClelland,* Slip Opinion No. 2014-Ohio-3969.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3969

THE STATE EX REL. WOOD, APPELLANT, *v.* MCCLELLAND, JUDGE, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Wood v. McClelland,* Slip Opinion No. 2014-Ohio-3969.]**

*Prohibition—Writ sought to prevent judge from exercising jurisdiction over a lawsuit against relator's client—Attorneys do not have standing to bring claims in their own names based on violations of their clients' rights— Court of appeals' denial of writ affirmed.*

(No. 2013-1615—Submitted June 10, 2014—Decided September 18, 2014.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 09939, 2013-Ohio-3922.

_____

**Per Curiam.**

{¶ 1}  Appellant, attorney John Wood, filed a petition for a writ of prohibition, naming himself as relator, to prevent appellees, Judge Robert C. McClelland and Magistrate Kevin C. Augustyn, from exercising jurisdiction over

a lawsuit filed against a client that Wood represents. The Eighth District Court of Appeals denied the writ on the grounds that Wood lacked standing to file suit. We affirm.

*Background*

{¶ 2} Wood filed an original action for a writ of prohibition in the Eighth District Court of Appeals. He alleged that Judge McClelland was the assigned judge on Cuyahoga County Court of Common Pleas case No. CV-11-746293, a foreclosure action filed against defendant Lynda Hicks. In an attached affidavit, Wood identified himself as counsel to Hicks in the foreclosure case.

{¶ 3} The petition alleged that the plaintiff in the foreclosure action did not have physical possession of the promissory note executed by Hicks. Wood concluded that "Co-Relators [sic] are therefore patently and unambiguously without jurisdiction to consider the allegations of Count One of the Complaint."

{¶ 4} The parties filed cross-motions for summary judgment. On September 6, 2013, the court of appeals granted summary judgment in favor of Judge McClelland and Magistrate Augustyn for two reasons: because Wood lacked standing and because he could not prevail on the merits even if he did have standing. 2013-Ohio-3922, ¶ 8, 16.

{¶ 5} Wood timely appealed.

*Legal analysis*

{¶ 6} A party lacks standing to invoke the jurisdiction of a court unless he or she has a real interest in the subject matter of the litigation " 'in an individual or representative capacity.' " *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 22, quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973). Wood does not allege any personal stake in the dispute between his client, Lynda Hicks, and the holder of the note. His

contention is that as Hicks's attorney, he is acting in a "representative capacity" and therefore has standing.

{¶ 7} We have had little occasion to define what constitutes a "representative capacity" for standing purposes. In *State ex rel. Battin v. Bush*, 40 Ohio St.3d 236, 533 N.E.2d 301 (1988), we held that a guardian ad litem had standing in a "representative capacity" to file suit on behalf of a ward, based on R.C. 2111.14(A)(5), which expressly vests a guardian of the estate of a ward with the duty to bring suit to protect the ward's best interests. By contrast, the superintendent of a correctional facility has no authority, statutory or otherwise, to act as the legal representative for the inmates under his care and custody. *Dallman* at 179.

{¶ 8} These holdings suggest that a representative must have a real interest in the subject matter of the litigation. *See, e.g., Boulger v. Evans*, 54 Ohio St.2d 371, 375, 377 N.E.2d 753 (1978) (noting the general principle that a fiduciary cannot appeal a judgment that does not affect him in his representative capacity).

{¶ 9} In his merit brief, Wood cites Civ.R. 17(A) for the proposition that a representative may, at times, be a real party in interest. To the extent that Wood is suggesting that Civ.R. 17(A) *creates* standing, we rejected this claim in *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 33 ("Civ.R. 17(A) does not address standing").

{¶ 10} In short, we agree with the numerous courts that have held that lawyers do not have standing to bring claims in their own names based on violations of their clients' rights. *See, e.g., State ex rel. Felson v. McHenry*, 146 Ohio App.3d 542, 546, 767 N.E.2d 298 (1st Dist.2001); *State ex rel. Brady v. Russo*, 8th Dist. Cuyahoga No. 89552, 2007-Ohio-3277, ¶ 14-15.

{¶ 11} Alternatively, Wood argues that the lower court violated Civ.R. 17(A) by not allowing him reasonable time in which to substitute the real party in

interest as plaintiff. Here again, his argument is contrary to *Schwartzwald*, which held that if standing is lacking at the outset, the defect cannot be cured by a Civ.R. 17(A) substitution of parties. *Id.*, ¶ 38.

**{¶ 12}** The court of appeals also denied the petition because it rejected Wood's substantive argument on the merits. Wood argued that the foreclosure action against his client was filed by a plaintiff who lacked standing and was not the real party in interest. He sought a writ of prohibition on the theory that lack of standing was a jurisdictional defect.

**{¶ 13}** Because we hold that Wood lacked standing to bring this case, we conclude that it was error for the court of appeals to decide the underlying legal issue, and we decline to address the topic. *State v. Chappell*, 127 Ohio St.3d 376, 2010-Ohio-5991, 939 N.E.2d 1234, ¶ 1, fn.1 (reaffirming our "duty not to issue advisory opinions").

**{¶ 14}** Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

John Wood, pro se.

Timothy McGinty, Cuyahoga County Prosecuting Attorney, and Nora E. Graham, Assistant Prosecuting Attorney, for appellees.

_____