[Cite as *State v. Jarrells*, 2014-Ohio-4564.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99329

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT F. JARRELLS, JR.

DEFENDANT-APPELLANT

---

### JUDGMENT:
### APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-11-556216-A
Application for Reopening
Motion No. 476796

**RELEASE DATE:** October 14, 2014

**APPELLANT**

Robert F. Jarrells, Jr. #633536
Richland Correctional Institution
1001 Olivesburg Road
Mansfield, Ohio 44901

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:     Amy Venesile
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

**{¶1}** Robert F. Jarrells, Jr. has filed an application for reopening pursuant to App.R. 26(B). Jarrells is attempting to reopen the appellate judgment rendered in *State v. Jarrells*, 8th Dist. Cuyahoga No. 99329, 2013-Ohio-3813, which affirmed his convictions for driving while under the influence. For the reasons that follow, the application to reopen is denied.

**{¶2}** The appellate judgment was journalized on September 5, 2013. The application for reopening was not filed until July 17, 2014. This falls outside the time limits of App.R. 26(B)(1), which requires applications to be filed within 90 days after journalization of the appellate judgment. The only exception that would permit us to review an untimely application is if applicant establishes good cause for filing at a later time. *Id.*

**{¶3}** The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has firmly established that

> [c]onsistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437, 102 S.Ct 1148, 71 L.Ed.2d 265 (1982), and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. [The applicant] could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * The 90-day requirement in the rule is "applicable to all appellants," *State v. Winstead* (1996), 74 Ohio St.3d 277, 278,

1996-Ohio-52, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

*State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. *See also State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

{¶4} Applicant has failed to establish "good cause" for the untimely filing of his application for reopening. He argues that good cause exists for his delayed filing because he did not learn of the decision until he contacted the clerk's office on April 10, 2014. He maintains he was not notified of the court's decision until he received a copy of it on May 15, 2014. The only evidentiary material that applicant offers in support of when he received notice of the decision is his own affidavit. Applicant cites no case that has found this constitutes good cause to allow consideration of an untimely application to reopen, but there is precedent finding it is not good cause.

{¶5} Applicant relies on two decisions from the Sixth District Court of Appeals; however, both cases found good cause existed for reopening appeals that had been dismissed because appointed counsel failed to file a brief. *E.g.*, *State v. Riley,* 6th Dist. Wood No. WD-03-076, 2006-Ohio-116, ¶ 9; *State v. Hammon*, 6th Dist. Erie No. E-97-083, 1999 Ohio App. LEXIS 251 (Feb. 1, 1999).[1] In this case, appellate counsel did file a timely brief, which the court considered before rendering its decision.

---

[1]Applicant also relies on *State v. Chu*, 8th Dist. Cuyahoga Nos. 75583 and

**{¶6}** To the extent that applicant contends that his counsel failed to communicate the court's decision to him and that this should be deemed good cause for consideration of his untimely application, this court has rejected that argument.

**{¶7}** It is well settled that "neither misplaced reliance on counsel nor lack of communication between counsel and appellant provides good cause for a late filing of his application for reopening." *State v. Gray*, 8th Dist. Cuyahoga No. 92646, 2012-Ohio-3565, ¶ 3, citing *State v. Alt*, 8th Dist. Cuyahoga No. 96289, 2012-Ohio-2054; *State v. Austin*, 8th Dist. Cuyahoga No. 87169, 2012-Ohio-1338; *State v. Alexander*, 8th Dist. Cuyahoga No. 81529, 2004-Ohio-3861. An applicant's alleged delayed notice of the appellate decision does not constitute good cause for an untimely application. *Alt*, citing *State v. Mitchell*, 8th Dist. Cuyahoga No. 88977, 2007-Ohio-6190, *reopening disallowed*, 2009-Ohio -1874 ("The failure of appellate counsel to notify a defendant-appellant of the judgment of the court of appeals is not good cause for the untimely filing of an application for reopening."); *see also State v. Henderson,* 8th Dist. Cuyahoga No. 95655, 2013-Ohio-2524, ¶ 2.

**{¶8}** It is proper to deny applications for reopening solely because they are untimely filed and without good cause for the delay. *Gumm*, 103 Ohio St.3d 162,

75689, 2002-Ohio-4422. However, it does not address the issue of what constitutes good cause pursuant to App.R. 26(B). *Id*. at ¶ 31. *Chu* predates the precedent established in 2004 by the Ohio Supreme Court in *Gumm* and *LaMar* that the 90-day deadline applies to all applicants and bars consideration of an untimely application unless good cause is established.

2004-Ohio-4755, 814 N.E.2d 861; *LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Applicant's failure to demonstrate good cause is a sufficient basis for denying his application for reopening. *See, e.g., State v. Almashni*, 8th Dist. Cuyahoga No. 92237, 2010-Ohio-898, *reopening disallowed*, 2012-Ohio-349. Because the lack of good cause precludes our consideration of the untimely application, the substantive merits of the application cannot be addressed. *State ex rel. Wood v. McClelland*, Slip Opinion 2014-Ohio-3969, ¶ 13.

{¶9} Applicant has not established good cause for filing an untimely application for reopening.

{¶10} Accordingly, the application for reopening is denied.

_____

MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR