[Cite as *Credit Adjustments, Inc. v. Barlage*, 2016-Ohio-8377.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Credit Adjustments, Inc.                                    Court of Appeals No. L-16-1016

        Appellee                                    Trial Court No. CI0201401851

v.

Eric Barlage                                    **DECISION AND JUDGMENT**

        Appellant                                    Decided:  December 23, 2016

* * * * *

George D. Jonson and Brian M. Spiess, for appellee.

Gregory S. Reichenbach and Matthew B. Bryant, for appellant.

* * * * *

**BLACKMON, J.**

{¶ 1} Eric Barlage ("Barlage") appeals from the trial court's dismissal of his counterclaim against Credit Adjustments, Inc. ("CAI") and assigns the following error for our review:

> I.  The trial court erred by granting Plaintiff-Appellee's motion to
> dismiss Defendant-Appellant's Amended Counterclaim under the Fair Debt

Collection Practices Act and the Ohio Consumer Sales Practices Act, and by dismissing it with prejudice.

{¶2} Having reviewed the record and pertinent law, we affirm. The trial court was correct in determining that, because Barlage's debts were discharged in bankruptcy, there was nothing left for the court to decide. Additionally, we find that Barlage has no standing to bring the counterclaim. The apposite facts follow.

{¶3} On March 20, 2014, CAI brought a debt collection action against Barlage in the amount of $61,590.76 for unpaid health care services. CAI attached documents to the complaint which allegedly showed that St. Luke's Hospital and Toledo Hospital had assigned various past-due accounts and debt to CAI. On June 20, 2014, Barlage filed a counterclaim against CAI alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). On June 25, 2014, Barlage filed a notice of bankruptcy stay, and on October 8, 2014, Barlage's debts—including the $61,590.76 debt to CAI—were discharged in bankruptcy under 11 U.S.C. 727.

{¶4} In April 2015, Barlage filed a motion to reactivate the case and a "motion for leave to plead amended class action counterclaim" instanter regarding FDCPA and Ohio Consumer Sales Practices Act ("CSPA") violations. The court placed this case back on the active docket and granted Barlage's motion to amend his counterclaim.

{¶5} In Barlage's class action counterclaim, he alleged that the assignments from St. Luke's Hospital and Toledo Hospital to CAI are defective because: 1.) they do not

2.

identify a particular debt; and 2.) the accounts were not cancelled with the original creditors. Barlage further alleged that these defects violate the FDCPA and CSPA.

{¶6} On June 2, 2015, CAI filed a motion to dismiss Barlage's class action counterclaim for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). On July 15, 2015, the court granted CAI's motion and dismissed Barlage's class action counterclaim with prejudice. It is from this order that Barlage appeals.[1]

## Standard of Review—Failure to State a Claim

{¶7} "Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. * * * [W]e must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party." (Citations omitted.) *NorthPoint Props v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 11.

## Standing to Challenge Assignment of Debt

{¶8} CAI argues that Barlage is not a party to the debt assignments from the hospitals to CAI; therefore, he has no standing to challenge the validity of the assignments. To support this argument, CAI cites to various cases that hold that obligors

---

[1] CAI's debt collection action against Barlage was eventually dismissed for failure to prosecute, leaving Barlage's counterclaim as the only remaining cause of action. Thus, the dismissal of Barlage's class action counterclaim is a final appealable order.

3.

lack standing to challenge assignments in mortgage cases. *See, e.g.*, *Bank of N.Y. Mellon Trust Co., N.A. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 35 ("The Unger's default exposed them to foreclosure regardless of the party who actually proceeds with foreclosure. * * * [T]he Ungers lacked standing to challenge the mortgage assignments.")

{¶9} Barlage, on the other hand, argues that because his case is premised on the assignment of a personal debt pursuant to R.C. 1319.12—rather than foreclosure of a mortgage—he has standing to challenge the assignment. To support his argument, Barlage cites various cases that involve debt assignments under R.C. 1319.12. However, our review of Barlage's authority shows that standing was not at issue in any of the cases cited. *See, e.g., Recovery Mgmt. Sys. v. Coburn*, 5th Dist. Richland No. 2008CA0007, 2008-Ohio-5713 (finding genuine issues of material fact regarding the assignment of an automobile loan when the assignment was a part of the original contract signed by the debtor.)

{¶10} In *Unger*, this court found that "[t]he mortgage assignments did not alter the Ungers' obligations under the note or mortgage. * * * The Ungers, therefore, failed to show they suffered or will suffer any injury, the injury is traceable to the mortgage assignments, and it is likely a favorable decision will remedy the injury." *Unger* at ¶ 35.

{¶11} "To succeed in establishing standing, plaintiffs must show that they suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and

4.

(3) likely to be redressed by the requested relief." *Moore v. City of Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 22.

{¶12} The case at hand is similar to *Unger*, with two notable exceptions. First, Barlage's debt concerned hospital bills and the Ungers' debt concerned a mortgage on real property. We find this to be a distinction without a difference. Barlage cites no legal authority to stand for the proposition that a debtor has standing to challenge an assignment, to which he or she is not a party, under R.C. 1319.12. In essence, Barlage argues that he has standing to challenge the debt assignments because they are defective under the statute. We disagree, because this argument is based on faulty reasoning. When a party lacks standing to bring a claim, it is error for a court to decide the underlying legal issue. *State ex rel. Wood v. McClelland*, 140 Ohio St.3d 331, 2014-Ohio-3969, 18 N.E.3d 423.

{¶13} The second distinction between *Unger* and the case at hand is that Barlage's debts were discharged in bankruptcy. This adds weight to the notion that he did not suffer an injury traceable to the alleged deficiencies in the assignments of these debts. Barlage's argument that his bankruptcy discharge should not estop the counterclaim at issue is as follows: "In each of the 14 instances that [CAI] was listed on Schedule F [of Barlage's bankruptcy petition], it was described as a 'collection attorney' for either St. Luke's Hospital or Toledo Hospital, and the account was marked with an 'X' to indicate that the claim was 'disputed.'" Barlage further argues that "it is undisputed that [he] listed [CAI] as a 'collection attorney,' not a 'creditor' * * *."

5.

**{¶14}** Barlage's argument concerning Schedule F is misleading. Under the column "Creditor's Name," CAI is listed 14 times. Under the column "Date claim was incurred and consideration for claim. If claim is subject to setoff, so state," Barlage listed the date "12/01/13" for all 14 of the CAI debts. Also in this column, Barlage listed the phrase "Collection Attorney" for the CAI debts, as well as the debts of all other creditors except the U.S. Department of Education regarding student loans. The phrase "Collection Attorney" is unresponsive to the column's heading, as it has nothing to do with a date, consideration, or setoff. Furthermore, although the "Disputed" column is checked for the CAI debts, it is undisputed that the CAI debts were discharged in bankruptcy.

**{¶15}** Additionally, even if we were to assume that Barlage has standing, the doctrine of judicial estoppel prevents him from asserting that the assignments to CAI were deficient concerning the debts at issue in this case. Judicial estoppel prohibits a party "'from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.'" *Greer-Burger v. Temesi,* 116 Ohio St.3d 324, 2007-Ohio-6442, 879 N.E.2d 174, ¶ 25 (quoting *Griffith v. Wal-Mart Stores, Inc.*, 135 F.3d 376, 380 (C.A.6, 1998). "Courts have applied this doctrine when inconsistent claims were made in bankruptcy proceedings that predated a civil action." *Id.*

**{¶16}** Upon review, we find that, because Barlage was not a party to the assignment, he lacks standing to challenge the assignment under the FDCPA or CSPA.

6.

Lack of standing is properly addressed in a Civ.R. 12 motion to dismiss. *A-1 Nursing Care of Cleveland, Inc., v. Florence Nightingale Nursing, Inc.*, 97 Ohio App.3d 623, 626-627, 647 N.E.2d 222 (1994). Additionally, as the trial court pointed out, Barlage could have raised the "improper assignment" argument as an affirmative defense to CAI's original debt collection claim; however, once the debt was discharged in bankruptcy and CAI dismissed its complaint, there was nothing left for the court to decide. Accordingly, the court did not err by dismissing Barlage's counterclaim.

{¶17} Barlage's sole assigned error is overruled.

{¶ 18} The judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Credit Adjustments, Inc. v.
Barlage
C.A. No. L-16-1016

_____
PATRICIA ANN BLACKMON, JUDGE*

KATHLEEN A. KEOUGH, P.J.,* and
ANITA LASTER MAYS, J.,* CONCUR

(*SITTING BY ASSIGNMENT:
JUDGES OF THE EIGHTH DISTRICT COURT OF APPEALS)