[Cite as *State v. Harris*, 2018-Ohio-736.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99919**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEAARON HARRIS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case Nos. CR-12-563308-A, CR-12-568907-A,
CR-13-571411-A, and CR-13-571412-A
Application for Reopening
Motion No. 512427

**RELEASE DATE:**   February 27, 2018

**FOR APPELLANT**

Deaaron Harris, pro se
Inmate No. 642521
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio 44030


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Maxwell Martin
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Applicant, Deaaron Harris, seeks to reopen his appeal, claiming that appellate counsel was ineffective for failing to argue that the trial court's findings regarding consecutive sentences were incorrect. After a thorough review of the record and law, this court declines to reopen his appeal.

## I. Factual and Procedural History

**{¶2}** On November 27, 2017, Harris, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's March 13, 2014 judgment in *State v. Harris*, 8th Dist. Cuyahoga No. 99919, 2014-Ohio-925. There, Harris's convictions and sentences for burglary in four cases were affirmed, but one case, Cuyahoga C.P. No. CR-12-568907-A, was remanded to the trial court for correction of the journal entry of sentence nunc pro tunc to reflect the proper period of postrelease control that was imposed during the sentencing hearing.[1]

## II. Law and Analysis

### A. Timeliness

**{¶3}** App.R. 26(B)(1) and (B)(2)(b) require applications claiming

---

[1]Harris pled guilty to a single count of burglary in four cases: Cuyahoga C.P. Nos. CR-12-563308-A, CR-12-568907-A, CR-13-571411-A, and CR-13-571412-A. In Cuyahoga C.P. No. CR-12-568907-A, he also pled guilty to assault of a police officer and resisting arrest. For each count of burglary he received an eight-year prison sentence, with the sentences in two cases running consecutive to each other for a total of 16 years. All other sentences were run concurrent to each other.

ineffective assistance of appellate counsel to be filed within 90 days from journalization of the appellate decision unless the applicant shows good cause for filing at a later time. The 90-day deadline for filing an application for reopening must be strictly enforced. *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861.   Harris filed his application on November 27, 2017 — almost four years after this court issued its decision in the underlying case.   Thus, it is untimely on its face.

{¶4} In an effort to establish good cause, Harris argues that he was not served with a copy of this court's decision or the nunc pro tunc entry in Cuyahoga C.P. No. CR-12-568907-A correcting the journal entry of sentence.   He further asserts that at some point, he requested and received copies of each.   He does not indicate when he received those, or elaborate on the reasons for his delay.

{¶5} An applicant's alleged delayed notice of the appellate decision does not constitute good cause for an untimely application.   *State v. Alt*, 8th Dist. Cuyahoga No. 96289, 2012-Ohio-2054, ¶ 8 citing *State v. Mitchell*, 8th Dist. Cuyahoga No. 88977, 2009-Ohio-1874 ("The failure of appellate counsel to notify a defendant-appellant of the judgment of the court of appeals is not good cause for the untimely filing of an application for reopening."); *see also State v. Henderson*, 8th Dist. Cuyahoga No. 95655, 2013-Ohio-2524, ¶ 2.

{¶6} An untimely application must set forth good cause for tardiness.   Harris has failed to show good cause.   Because the lack of good cause precludes our consideration

of the untimely application, the substantive merits of the application cannot be addressed.

*State ex rel. Wood v. McClelland*, 140 Ohio St.3d 331, 2014-Ohio-3969, 18 N.E.3d 423,

¶ 13.

{¶7} Application denied.

_____

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
PATRICIA ANN BLACKMON, J., CONCUR