[Cite as *State v. Glaze*, 2018-Ohio-2184.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105519**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**CEDRIC GLAZE**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-601412-A

**BEFORE:**   Jones, J., Stewart, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   June 7, 2018

**ATTORNEY FOR APPELLANT**

Mary Catherine Corrigan
4403 St. Clair Avenue
Cleveland, Ohio 44102


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Mahmoud S. Awadallah
        Jonathan M. McDonald
        Kristen L. Sobieski
        Anthony M. Stevenson
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Cedric Glaze ("Glaze"), appeals his conviction and sentence for involuntary manslaughter and felonious assault. Finding no merit to the appeal, we affirm.

{¶2} In 2015, Glaze was charged with aggravated murder and two counts of felonious assault; the charges were accompanied by one- and three-year firearm specifications. The indictment stemmed from the shooting of Sachin Rana ("Rana"), which resulted in Rana's death. After extensive plea negotiations with the state, Glaze agreed to plead guilty to one count of involuntary manslaughter with one- and three-year firearm specifications and two counts of felonious assault without the accompanying firearm specifications. The parties also agreed to a prison sentence of 20 to 25 years and that none of the charges would merge as allied offenses of

similar import.

{¶3} The court sentenced Glaze to 11 years for involuntary manslaughter, 4 years for each felonious assault, and 3 years for the firearm specifications. The court ordered the sentences to run consecutively for a total of 22 years in prison.

{¶4} Glaze filed a timely notice of appeal and raises three assignments of error for our review. Further facts will be discussed under the assignments of error.

I. The trial court erred by sentencing the appellant to multiple consecutive sentences.

II. Trial counsel was ineffective rendering the plea involuntary.

III. The trial court's sentence of twenty-two (22) years was contrary to law.

{¶5} We will first address the second assignment of error, concerning Glaze's claim that his counsel was ineffective, and then combine the discussion related to the first and third assigned errors.

{¶6} In the second assignment of error, Glaze claims that he was afforded ineffective assistance of counsel and that rendered his plea involuntary.

{¶7} To demonstrate ineffective assistance of counsel, a defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding. *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a guilty plea, prejudice is demonstrated by a showing that "there is a reasonable probability that, but for counsel's error, the defendant would not have pled guilty." *State v. DelManzo*, 11th Dist. Lake No. 2009-L-167, 2010-Ohio-3555, ¶ 33.

{¶8} Glaze contends that counsel was ineffective for stipulating to the court psychiatric clinic's evaluation, which concluded that Glaze was competent to stand trial.

{¶9} In stipulating to the findings of the evaluation, counsel for Glaze stated: "I've had plenty time to pursue it, review it and have gone over it with [Glaze]. And the defense at this point will stipulate to the ultimate conclusions of Dr. Soliman, who I have personally spoke with, and will stipulate Mr. Glaze is currently competent to stand trial and defend the proceedings against him." The state also stipulated to the findings of the evaluation, and the trial court accepted the stipulations of the parties.

{¶10} Although Glaze contends that counsel should not have stipulated to the competency report, there is no evidence in the record that counsel acted inappropriately or that Glaze was incompetent at the time he entered his plea. During the plea colloquy, the court inquired of Glaze and he answered that he understood each right he was waiving and the consequences of his plea agreement.

{¶11} Thus, Glaze cannot show that counsel's performance fell below an objective standard of reasonableness so as to render his plea involuntary. The second assignment of error is overruled.

{¶12} In the first and third assignments of error, Glaze contends that the trial court erred in sentencing him to consecutive sentences and that his sentence was contrary to law because his sentence was both disproportionate to similarly situated offenders and excessive in light of the statutory purposes and principles of sentencing.

{¶13} We note, however, that an agreed-upon sentence may not be appealed if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met,

the defendant may not appeal the sentence. *State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, ¶ 27, citing *State v. Underwood*, 124 Ohio St.3d 365, 368, 2010-Ohio-1, 922 N.E.2d 923.

{¶14} Recently, this court discussed the reviewability of a sentence that falls within a jointly recommended sentencing range, is authorized by law, and includes nonmandatory consecutive sentences. *State v. Grant*, 8th Dist. Cuyahoga No. 104918, 2018-Ohio-1759. In *Grant*, the parties agreed to an aggregate sentence of 6 to 20 years. The defendant agreed that any sentence within that range was appropriate and the trial court recognized that, given the range of 6 to 20 years, there would be some consideration of consecutive sentences. *Id.* at ¶ 26. A panel of this court held that a trial court's imposition of nonmandatory consecutive sentences within an agreed sentencing range is a jointly recommended sentence that is authorized by law and not reviewable on appeal under R.C. 2953.08(D)(1). *Id.* at ¶ 29.

{¶15} In this case, the parties agreed to a sentence in the range of 20 to 25 years; that range would necessarily include consecutive sentences. The trial court acknowledged the agreement and sentenced Glaze to 11 years in prison for involuntary manslaughter, a first-degree felony, and an additional 3 years on the firearm specification. That sentence is within the statutory range. *See* R.C. 2929.14(A)(1) and 2929.14(B)(1)(a)(ii). The court also sentenced Glaze to a consecutive 4 years for each felonious assault, which is within the statutory range for a second-degree felony, *see* R.C. 2929.14(A)(2), for an aggregate sentence of 22 years. Thus, Glaze's sentence was authorized by law.

{¶16} Thus, because a trial court's imposition of nonmandatory consecutive sentences within an agreed sentencing range is a jointly recommended sentence that is authorized by law and not reviewable on appeal under R.C. 2953.08(D)(1), the first and third assignments of error

are overruled.

{¶17} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR