[Cite as *State v. Glaze*, 2018-Ohio-4772.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105519**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**CEDRIC GLAZE**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-15-601412-A
Application for Reopening
Motion No. 521649

**RELEASE DATE:** November 27, 2018

**FOR APPELLANT**

Cedric Glaze, pro se
Inmate No. 693005
Lake Erie Correctional Institution
501 Thompson Road
Conneaut, Ohio   44030


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Mahmoud S. Awadallah
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113


LARRY A. JONES, SR., J.:

{¶1} Pursuant to App.R. 26(B), applicant, Cedric Glaze, seeks to reopen his appeal claiming that his appellate attorney was ineffective for failing to argue that his convictions were allied offenses of similar import, that maximum and consecutive sentences were not warranted in this case, and that trial counsel was ineffective for not properly explaining the plea agreement in this case.   The application is denied because it is untimely without a showing of good cause.

{¶2} In *State v. Glaze*, 8th Dist. Cuyahoga No. 105519, 2018-Ohio-2184, this court affirmed Glaze's convictions for involuntary manslaughter and two counts of felonious assault. *Id*. at _ 2.   There, Glaze argued three assignments of error relating to consecutive sentences, the validity of his sentence, and ineffective assistance of trial counsel.   *Id*. at _ 4. This court overruled the assigned errors and affirmed Glaze's convictions.   *Id*. at _ 17.   Glaze appealed

this court's judgment to the Supreme Court of Ohio, which declined jurisdiction. *State v. Glaze*, Slip Opinion No. 2018-Ohio-4092.

{¶3} Glaze then filed the instant application on October 3, 2018, asserting four proposed assignments of error:

> I.   Appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution where his appellate counsel omitted a dead bang winner, prejudicing appellant to receiving [sic] a full review by the court.
>
> II.   Allied offenses of similar import/double jeopardy.
>
> III.   Consecutive sentences/maximum consecutive sentences.
>
> IV.   Ineffective assistance of trial/appellate counsel — [appellant's] guilty plea was not knowingly, intelligently or voluntarily made/violation of Due Process Clause/ and criminal rule 11 [sic].

{¶4} App.R. 26(B) provides a means to assert a claim that appellate counsel was ineffective.   However, the rule provides for a strict deadline.   *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861; *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. The application must be filed within 90 days from the date of journalization of the appellate decision.   App.R. 26(B)(1).

{¶5} Glaze filed an application to reopen on October 3, 2018.   The decision in his direct appeal was issued on June 7, 2018.   Approximately 118 days passed between the time the appellate decision was issued and the filing of his application.   Glaze has failed to file his application within the time allowed by App.R. 26(B).   Accordingly, he must show good cause for the untimely filing.   *Id*.

{¶6} Glaze does not set forth any cause for the delayed filing, much less good cause. Contrary to the above-calculated number of days, Glaze asserts that the application is timely

filed. Therefore, he has not set forth good cause in the application. Such an application must be denied, and this court need not address the merits of the proposed assignments of error. *State v. Jarrells*, 8th Dist. Cuyahoga No. 99329, 2014-Ohio-4564, ¶ 8, citing *Gumm*; *LaMar*; *State ex rel. Wood v. McClelland*, 140 Ohio St.3d 331, 2014-Ohio-3969, 18 N.E.3d 423, ¶ 13.

{¶7} Glaze filed a motion for extension of time to file his application for reopening on September 6, 2018, wherein he asserted arguments that could be construed as asserting good cause. However, such a motion is not contemplated by App.R. 26(B).

{¶8} App.R. 26(B)(1) provides,

> [a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

An application for reopening may be filed anytime without leave of court or an extension of time, but the applicant must show good cause for the filing if made after 90 days from the date of journalization of the appellate decision. The rule further requires that justification for untimely filing be set forth in the application itself. App.R. 26(B)(2)(b). This also counts against the ten-page limitation set forth in App.R. 26(B)(4). Glaze's application contains 14 pages of argument without addressing the untimeliness of his application. Glaze's assertion of good cause in a motion for extension of time is an ineffective attempt to circumvent the requirements set forth above and should not be countenanced by this court.

{¶9} Even if this court were to consider the justifications raised in the motion for extension of time, they do not establish good cause.

{¶10} Glaze argues that he did not have timely access to a transcript, he only had limited access to legal materials, and that he was confined in isolation for an unspecified period of time.[1] This court has found these reasons do not constitute good cause. *State v. Tomlinson*, 8th Dist. Cuyahoga No. 83411, 2005-Ohio-5844, _ 3 ("difficulty in obtaining the transcript does not constitute good cause."); *State v. Waller*, 8th Dist. Cuyahoga No. 87279, 2007-Ohio-6188, ¶ 7 ("The courts have also repeatedly rejected the claim that limited access to legal materials states good cause for untimely filing.").

{¶11} As stated above, the failure to show good cause for an application filed outside the 90-day period is sufficient reason for denial. *Jarrells*, 8th Dist. Cuyahoga No. 99329, 2014-Ohio-4564, at ¶ 8, citing *Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861; *LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Therefore, this court does not need to examine the merits of this application where Glaze has failed to set forth good cause.

{¶12} Application denied.

---

LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR

---

[1] Glaze's motion alleges that he was released from "punitive isolation" on August 16, 2018, but does not otherwise state how long he was housed in isolation. Glaze's application was due on September 5, 2018, and there is no allegation he was confined in isolation around that date.