[Cite as *State v. Diaz*, 2021-Ohio-8.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108981 |
| v. | : | |
| PEDRO DIAZ, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** January 5, 2021

Cuyahoga County Court of Common Pleas
Case No. CR-19-636751-A
Application for Reopening
Motion No. 542398

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory Ochocki, Assistant Prosecuting Attorney, *for appellee.*

Pedro Diaz, *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} Applicant, Pedro Diaz, seeks to reopen his appeal, claiming that appellate counsel was ineffective for not raising and arguing the following issues:

I. The appellant suffered ineffective assistance of appellate counsel.

II. The trial court failed to state the required findings at the sentencing hearing when imposing consecutive sentences and such findings should have been incorporated in [its] journal entry.

III. The trial court erred by failing to address defendant [sic] of obligation to Adam Walsh Act (AWA), R.C. 2950 resulting in failure of trial court compliance with Crim.R. 11.

IV. Appellant was coerced into pleading guilty based on faulty plea negotiations.

{¶ 2} Diaz's application to reopen *State v. Diaz*, 8th Dist. Cuyahoga No. 108981, 2020-Ohio-3977, is denied because the application is untimely without any showing of good cause.

{¶ 3} As part of plea agreement that dismissed several serious felony offenses, Diaz pleaded guilty to three counts of gross sexual imposition, one count of sexual battery, and one count of attempted gross sexual imposition. He received a 17-year prison sentence.

{¶ 4} Diaz appealed his convictions to this court. He raised a single assignment of error challenging the imposition of consecutive sentences. The opinion in his appeal was journalized on August 6, 2020. We overruled the assignment of error, and affirmed Diaz's convictions. *Id.* at ¶ 6.

{¶ 5} On November 18, 2020, Diaz filed his application for reopening. The state timely filed a brief in opposition.

{¶ 6} An application for reopening provides a means of asserting a claim of ineffective assistance of appellate counsel. App.R. 26(B). However, the rule prescribes a strict 90-day deadline that must be met or an applicant is required to

show why the application could not be filed within the time allowed. App.R. 26(B)(1) and 26(B)(2)(b). Where an application is untimely filed, the applicant must show "good cause" to excuse the delay, and the failure to allege good cause is sufficient grounds for denial. *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861; *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. The failure to establish good cause is sufficient reason to deny the application without reaching the merits of the claims. *State v. Lawrence*, 8th Dist. Cuyahoga Nos. 100371 and 100387, 2019-Ohio-65, ¶ 6, citing *State v. Woods*, 8th Dist. Cuyahoga No. 82789, 2014-Ohio-296, ¶ 4, citing *State v. McNeal*, 8th Dist. Cuyahoga No. 91507, 2009-Ohio-6453, ¶ 4.

{¶ 7} Diaz filed his application on November 18, 2020. The opinion in this case was journalized on August 6, 2020. 104 days elapsed between the issuance of the appellate decision and the filing of the application for reopening. Diaz has exceeded the 90-day period for a timely application, necessitating a showing of good cause. The application fails to contain any information or argument going to good cause.

{¶ 8} Diaz may assume that simply depositing the application in the prison mailroom constitutes filing. "Under the plain language of App.R. 26(B)(1), we are not free to deem [an appellant's] application filed as of the date he [or she] mailed it." *State v. Nitsche*, 8th Dist. Cuyahoga No. 103174, 2017-Ohio-529, ¶ 6, citing *State ex rel. Tyler v. Alexander*, 52 Ohio St.3d 84, 85, 555 N.E.2d 966 (1990) ("filed in the court from which the case is appealed" does not mean the same as "delivered to the

prison mailroom").  The Supreme Court of Ohio has also rejected the argument that delays associated with mail delivery constitute good cause.  *State v. Winstead*, 74 Ohio St.3d 277, 278, 658 N.E.2d 722 (1996).  *See also State v. Harris*, 8th Dist. Cuyahoga No. 104329, 2018-Ohio-839.

{¶ 9}   Where, as here, an application for reopening is untimely and fails to contain any arguments going to good cause, the application must be denied.  *State v. Glaze*, 8th Dist. Cuyahoga No. 105519, 2018-Ohio-4772, ¶ 6, citing *State v. Jarrells*, 8th Dist. Cuyahoga No. 99329, 2014-Ohio-4564, ¶ 8, citing *Gumm,* 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861; *LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; and *State ex rel. Wood v. McClelland*, 140 Ohio St.3d 331, 2014-Ohio-3969, 18 N.E.3d 423, ¶ 13.

{¶ 10} Application denied.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR