{¶ 1} On January 9, 2007, the applicant, Jose Agosto, Jr., applied, pursuant to App.R. 26(B), to reopen this court's judgment in State v.Jose Agosto, Jr., Cuyahoga App. No. 87283, 2006-Ohio-5011, in which this court affirmed Agosto's convictions for murder and felonious assault.[1] Agosto maintains that his appellate counsel was ineffective for not arguing ineffectiveness of trial counsel, not arguing that Agosto's alcoholism prevented him from acting knowingly, and not arguing properly that the "knowingly" element could not be proven by the state. Although the State of Ohio did not file a response to Agosto's application, for the following reasons, this court denies the application.
 {¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. In the instant case this court journalized its decision on October 10, 2006. Tuesday January 9, 2007, was the ninety-first day after October 10, 2006. 21 (remaining days in Oct.) + 30 (Nov.) + 31 (Dec.) + 9 (Jan.) = 91. Thus, this application is untimely. Agosto does not proffer any explanation to show good cause.
 {¶ 3} The Supreme Court of Ohio in State v. Lamar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970, and State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, *Page 4 814 N.E.2d 861, held that the ninety-day deadline for filing must be strictly enforced. In those cases the applicants argued that after the court of appeals decided their cases, their appellate counsels continued to represent them, and their appellate counsels could not be expected to raise their own incompetence. Although the supreme court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases the court ruled that the applicants could not ignore the ninety-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, imagination and ignorance of the law do not establish good cause for complying with this fundamental aspect of the rule. As a corollary, miscalculation of the time needed for mailing would also not state good cause. State v.Peyton, Cuyahoga App. No. 86797, 2006-Ohio-3951, reopening disallowed,2007-Ohio-263, Motion No. 390683 — App.R. 26(B) application to reopen denied as untimely because it was filed two days late.
 {¶ 4} Accordingly, this application is properly denied as untimely.
JAMES J. SWEENEY, PRESIDING JUDGE
PATRICIA A. BLACKMON, J., and MELODY J. STEWART, J., CONCUR
[1] Several witnesses testified that they saw Agosto chase the victim to a car and then hit him several times in the head with a pipe, which mortally wounded the victim. Moreover, Agosto admitted hitting the victim with the pipe. *Page 1