[Cite as *State v. Campbell*, 2018-Ohio-681.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 105488

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DEESHAWN T. CAMPBELL**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-606590-A and CR-16-607843-A

**BEFORE:** Laster Mays, P.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 22, 2018

-i-

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 670218
Northfield, Ohio 44067


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Brian Radigan
Kerry A. Sowul
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


ANITA LASTER MAYS, P.J.:

{¶1} Defendant-appellant, Deeshawn T. Campbell ("Campbell"), appeals his convictions and sentence, and asks this court to vacate his convictions and remand to the trial court for further proceedings.   We affirm.

{¶2} Campbell was charged with committing criminal violations in two separate cases. The state and Campbell entered into a plea agreement where Campbell pleaded guilty to various counts in both cases for an aggregate sentence of 25 years.   Campbell's appeal of his guilty plea only concerns the facts of one of the cases.   For this reason, the facts recited here will focus only on that case.[1]

{¶3} Campbell pleaded guilty to one count of involuntary manslaughter, a first-degree felony, in violation of R.C. 2903.04, a three-year firearm specification on the involuntary

---

[1] Cuyahoga C.P. No. CR-16-607843.

manslaughter count, and one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1). He was sentenced to a total of 25 years in prison and received 180 days of jail-time credit. He was also advised that he would be subject to a mandatory five-year period of postrelease control upon his release from prison.

## I. Facts

{¶4} On June 30, 2016, Campbell and the victim were inside a convenient store. The store video monitor captured the confrontation between the two without sound. Campbell was holding a bag, and the victim looked down into the bag. The victim reached for the bag and a physical altercation ensued. Campbell ultimately shot the victim one time and he fled the store. Campbell claimed that he asked the victim for change and the victim became aggressive with him. Campbell stated that he thought the victim was trying to rob him, and Campbell shot him because he was fearful for his life.

{¶5} Campbell entered into a plea agreement with the state. The trial court complied with all of the Crim.R. 11 requirements. At the sentencing hearing, the trial court allowed the victim's mother and close friend to speak about the victim and the pain his death has caused them. Campbell then informed his attorney that he wanted to withdraw his guilty plea because he was upset with how the victim's family recounted the facts in the case.

{¶6} The trial court asked Campbell if it was his intention to withdraw his guilty plea. Campbell stated, "Yes, your Honor. I would like to withdraw my guilty plea. I would like to go through with this. I would like the family — everyone to know the real situation that's at hand." (Tr. 168.) The trial court responded, "Well, you can tell me that without withdrawing your guilty plea." (Tr. 168.) Then the trial court instructed Campbell to speak with his counsel. After consulting with counsel, Campbell and his counsel stated that they were ready to proceed

with the plea of guilty. However, Campbell wanted an opportunity to tell the court his version of the events that led to the death of the victim. The court allowed Campbell to recite the facts as he understood them. The court then proceeded with sentencing. Campbell filed this timely appeal assigning one error for our review:

I. The trial court abused its discretion in denying appellant's presentencing motion to withdraw his plea of guilty.

## II. Withdrawal of Guilty Plea

### A. Standard of Review

{¶7} "We review presentence motions to withdraw guilty pleas for an abuse of discretion." *State v. McClain*, 8th Dist. Cuyahoga No. 103089, 2016-Ohio-705, ¶ 13. To constitute an abuse of discretion, the trial court's decision must be unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### B. Law and Analysis

{¶8} Campbell argues that the trial court abused its discretion in denying appellant's presentence motion to withdraw his plea of guilty. Crim.R. 32.1 reads: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). *McClain*, at ¶ 13. "A mere change of heart regarding a guilty plea and the possible sentence is

insufficient justification for the withdrawal of a plea." *State v. Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805, ¶ 13.

**{¶9}** However,

> "[e]ven though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * *" (Citations omitted.)

*State v. Peterseim*, 68 Ohio App.2d 211, 213-214, 428 N.E.2d 863 (8th Dist.1980).

**{¶10}** In determining whether the trial court abused its discretion by denying a defendant's motion to withdraw a plea, we consider the following factors: (1) whether the accused was represented by competent counsel; (2) whether the accused was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea; (3) whether, after the motion to withdraw was filed, the accused was given a complete and impartial hearing on the motion; and (4) whether the record reveals that the court gave full and fair consideration to the plea withdrawal request. *Peterseim* at paragraph three of the syllabus.

**{¶11}** A review of the record reveals that Campbell was represented by highly competent counsel and that he was afforded a full hearing pursuant to Crim.R. 11 before Campbell entered into his plea. The motion to withdraw was an oral motion to the court. After the trial court was informed of Campbell's request to withdraw his guilty plea, the court recognized that this mere change of heart was because he was angry. The trial court afforded Campbell an opportunity to speak with his attorneys.

DEFENDANT: Yes, your Honor. I would like to withdraw my guilty plea. I would like to go through with this. I would like the family — everyone to know the real situation that's at hand.

| | |
|---|---|
| COURT: | Well, you can tell me that without withdrawing your guilty plea. |
| DEFENDANT: | Yes, it's true — |
| COURT: | Why don't you talk to [Counsel] and [Counsel] before you talk to me. |

{¶12} After Campbell consulted with his attorneys, Campbell withdrew his motion to withdraw his guilty plea with the request to just tell the facts as he saw them. The exchange between the trial court, Campbell, and counsel went as follows:

| | |
|---|---|
| COURT: | [Counsel,] [Counsel,] have you had a chance to talk to your client? |
| COUNSEL: | We're ready to proceed, your Honor. |
| COUNSEL: | Yes, your Honor. We're going to proceed. Just so the court is aware, Mr. Campbell was somewhat upset by the second — was a witness — the person who addressed the court, he felt that some of the comments were — |
| COURT: | Here, I can hear from Mr. Campbell. Mr. Campbell, why don't you stand up. What would you like to say to me? |

Thereafter, the trial court heard the facts as Campbell recalled them. The trial court continued to engage Campbell regarding the facts and Campbell's reasoning. At the conclusion of the verbal exchange between Campbell and the trial court, the trial court reviewed the video of the incident. Campbell was subsequently sentenced.

{¶13} Although Campbell had already withdrawn his motion to withdraw his guilty plea and therefore, a *Peterseim* analysis would not have been applicable, the record reveals that the trial court afforded Campbell a complete and impartial hearing on his motion. The record also reveals that the trial court gave full and fair consideration to the request to withdraw. We find that Campbell has not demonstrated that the trial court abused its discretion.

**{¶14}**    Therefore, Campbell's sole assignment of error is overruled.

**{¶15}** Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR