[Cite as *State v. Campbell*, 2018-Ohio-3494.]

Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105488**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DEESHAWN T. CAMPBELL**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case Nos. CR-16-606590-A and CR-16-607843-A
Application for Reopening
Motion No. 518566

**RELEASE DATE:** August 28, 2018

**FOR APPELLANT**

Deeshawn Campbell, pro se
Inmate No. 692562
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio   44901


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Gregory Ochocki
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

ANITA LASTER MAYS, P.J.:

**{¶1}** Deeshawn T. Campbell has filed an application for reopening pursuant to App.R. 26(B). Campbell is attempting to reopen the appellate judgment rendered in *State v. Campbell*, 8th Dist. Cuyahoga No. 105488, 2018-Ohio-681, that affirmed his pleas of guilty and sentences of incarceration imposed in *State v. Campbell*, Cuyahoga C.P. Nos. CR-16-606590 and CR-16-607843. We decline to reopen Campbell's appeal.

**{¶2}** App.R. 26(B)(2)(b) requires that Campbell establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment" that is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has established that

> [w]e now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B). * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * *The 90-day requirement in the rule is "applicable to all appellants,"* *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

(Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. See also *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

**{¶3}** Herein, Campbell is attempting to reopen the appellate judgment that was journalized on February 22, 2018. The application for reopening was not filed until June 15, 2018, more than 90 days after journalization of the appellate judgment in *Campbell*, *supra*.

**{¶4}** In an attempt to argue good cause for the untimely filing of the application for reopening, Campbell argues that issues arose with the prison mail system that prevented the application from being filed within 90 days as required by App.R. 26(B)(2)(b). Specifically, Campbell argues that the application for reopening was untimely filed due to the inactions of the prison mail system. The Supreme Court of Ohio, however, has established that the failure of a mail system to timely deliver an application for reopening does not constitute good cause. In *State v. Winstead*, 74 Ohio St.3d 277, 1996-Ohio-52, 658 N.E.2d 722, the court held "that a courier's delay in delivery is not 'good cause' for accepting an App.R. 26(B) application for reopening that is untimely filed." *Id.* at 278. *Accord State v. Harris*, 8th Dist. Cuyahoga No. 104329, 2018-Ohio-839.

**{¶5}** Notwithstanding the failure of Campbell to establish good cause for the untimely filing of his application for reopening, a review of his proposed assignments of error fails to support his claim of ineffective assistance of appellate counsel. A sentence that is agreed to by the defendant and the state and then imposed by the trial court may not be appealed. *State v. Glaze*, 8th Dist. Cuyahoga No. 105519, 2018-Ohio-2184.

**{¶6}** Finally, the claim that the trial court utilized and violated the "sentencing package doctrine" lacks merit. Herein, the record clearly demonstrates that the trial court imposed a separate sentence on each count that Campbell entered a plea of guilty and then ordered the sentences to run consecutive to each other. It must also be noted that Campbell waived any defects with regard to the imposition of an aggregate term of incarceration of twenty-five years.

MR. RADIGAN:   Judge, I would just ask, too, as we put it all together at the end of this, that the Defendant waive any defect in the plea as outlined?

THE COURT:   You understand you're waiving any defects in this plea? Do you understand that?

THE DEFENDANT:   No. Explain it to me, please.

THE COURT:   What he's saying is that because of the way they pled this to get a total of 25 years, you're waiving any defect in the process of how they got there to get to the 25 years.   You understand that?

THE DEFENDANT:   Yes.

Tr. 152 - 153.

{¶7}   Accordingly, the application for reopening is denied.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR, J., and
KATHLEEN ANN KEOUGH, J., CONCUR