[Cite as *State v. Johnson*, 2018-Ohio-5151.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105612**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ZACHARY JOHNSON**

DEFENDANT-APPELLANT

━━━━━━━━━━━━━━━━━━━━━━━━━━━

**JUDGMENT:**
APPLICATION DENIED

━━━━━━━━━━━━━━━━━━━━━━━━━━━

Cuyahoga County Court of Common Pleas
Case No. CR-16-608678-A
Application for Reopening
Motion No. 519237

**RELEASE DATE:** December 19, 2018

**FOR APPELLANT**

Zachary Johnson, pro se
Inmate No. 694028
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio   44901


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Maxwell Martin
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113


MARY EILEEN KILBANE, P.J.:

{¶1} On July 12, 2018, the applicant, Zachary Johnson, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Johnson,* 8th Dist. Cuyahoga No. 105612, 2018-Ohio-1389, in which this court affirmed his convictions for aggravated murder, murder, attempted murder, discharging a firearm at or near a prohibited premises, two counts of having a weapon while under disability, and four counts of felonious assault.   Johnson now argues that his appellate counsel should have argued: (1) there was insufficient evidence of prior calculation and design to support the conviction of aggravated murder, (2) the indictments failed to give sufficient notice of the charges, and (3) trial counsel was ineffective for failing to argue that the cell-phone evidence violated his Fourth Amendment Rights, based upon *Carpenter v. United States,* 585 U.S. _____, 138 S.Ct. 2206, 201 L.Ed.2d 507 (2018), which was decided on June 22,

2018. On July 30, 2018, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application.

{¶2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. This court issued its decision on April 12, 2018, and Johnson filed his application one day late on July 12, 2018 (18 (remaining days in April) + 31 (May) + 30 (June) + 12 (July) = 91). Thus, this application is untimely. Johnson did not proffer any explanation to show good cause.

{¶3} The Supreme Court of Ohio in *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases the applicants argued that after the court of appeals decided their cases, their appellate counsel continued to represent them, and their appellate counsel could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the ninety-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, imagination, and ignorance of the law do not establish good cause for complying with this fundamental aspect of the rule. As a corollary, miscalculation of the time needed for mailing would also not state good cause. *State v. Winstead,* 74 Ohio St.3d 277, 1996-Ohio-52, 658 N.E.2d 722, is particularly instructive. Winstead sought to file his App.R. 26(B) application to reopen and hired an overnight courier to deliver it. However, the courier filed it a day late. The Supreme Court of Ohio affirmed the denial of the application as untimely,

because the courier's delay was not good cause and because there was no denial of due process or equal protection in applying a rule applicable to all appellants. *See also State v. Agosto*, 8th Dist. Cuyahoga No. 87283, 2006-Ohio-5011, *reopening disallowed*, 2007-Ohio-848; *State v. Ellis*, 8th Dist. Cuyahoga No. 91116, 2009-Ohio-852, *reopening disallowed,* 2009-Ohio-2875; *State v. Peyton*, 8th Dist. Cuyahoga No. 86797, 2006-Ohio-3951, *reopening disallowed*, 2007-Ohio-263 (App.R. 26(B) application to reopen denied as untimely because it was filed two days late).

{¶4} Accordingly, this court denies the application to reopen.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR