[Cite as *State v. Black*, 2020-Ohio-3278.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                                     :

    Plaintiff-Appellee,                    :

                                No. 108001

    v.                                             :

RAYSHON L. BLACK,                             :

    Defendant-Appellant.                :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** June 10, 2020

---

Cuyahoga County Court of Common Pleas
Case Nos. CR-17-613986-B, CR-17-614959-A, and CR-17-618389-A
Application for Reopening
Motion No. 536711

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Rayshon L. Black, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} On March 6, 2020, the applicant, Rayshon L. Black, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Black*, 8th Dist. Cuyahoga No.

108001, 2019-Ohio-4977, in which this court affirmed his convictions for rape and kidnapping of his stepdaughter. Black now asserts that his appellate counsel should have argued the following: (1) the prosecution engaged in misconduct by making inaccurate statements and asking leading questions that deprived Black of a fair trial, (2) there was insufficient evidence to support a conviction, and (3) the convictions were against the manifest weight of the evidence because the verdicts were inconsistent.[1] On March 23, 2020, Black filed a memorandum to show good cause for an untimely filing. The state filed its brief in opposition on March 25, 2020. For the following reasons, this court denies the application to reopen.

{¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. This court issued its decision on December 5, 2019. Accordingly, Black's application was due no later than March 4, 2020.[2] Thus, his March 6, 2020 application is untimely on its face.

{¶ 3} In an effort to show good cause, Black explains that he placed the application into the prison's outgoing mail on the 80th day of the limitations period, which would have been February 23, 2020. The prison staff notarized his required affidavits on February 25, and processed the cash slip on February 28, but did not

---

[1] The grand jury also had indicted Black for gross sexual imposition, but the jury found him not guilty of that charge.

[2] Twenty-six (remaining days in December) + 31 (January) + 29 (February) + 4 = 90.

actually place the envelope into the outgoing mail until Monday, March 2, 2020. Thus, Black argues that the prison delays, not his lack of diligence, caused the untimely filing.

{¶ 4} However, the courts have ruled that delays in the mail do not constitute good cause for untimely filing. In *State v. Winstead*, 74 Ohio St.3d 277, 1996-Ohio-52, 658 N.E.2d 722, the Supreme Court of Ohio held that a courier's delay in delivery is not good cause for accepting an untimely App.R. 26(B) application to reopen. This court has also rejected inactions of the prison mail system as good cause for untimely filing. *State v. Campbell*, 8th Dist. Cuyahoga No. 105488, 2018-Ohio-3494, and *State v. Nitsche*, 8th Dist. Cuyahoga No. 103174, 2017-Ohio-529. Similarly, miscalculation of the time necessary to file the application timely does not state good cause. *State v. Johnson*, 8th Dist. Cuyahoga No. 105612, 2018-Ohio-5151 and *State v. Agosto*, 8th Dist. Cuyahoga No. 87283, 2007-Ohio-848. In the latter two cases, the applications were filed only one day late.

{¶ 5} The court further rules that because the due date of Black's application was March 4, 2020, the tolling provisions of Am.Sub.H.B. No. 197 and the Supreme Court of Ohio's Administrative Actions order of March 27, 2020, do not apply. Those provisions are effective March 9, 2020, after the due date of Black's application.

{¶ 6} Moreover, after reviewing the application, the court concludes that Black's assignments of error do not present a genuine issue as to whether he was deprived of the effective assistance of appellate counsel.

{¶ 7} Accordingly, this court denies the application to reopen.

_____

MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, P.J., and
RAYMOND C. HEADEN, J., CONCUR