[Cite as *State v. Dudas*, 2022-Ohio-2494.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110573 |
| v. | : | |
| MICHAEL DUDAS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** July 19, 2022

Cuyahoga County Court of Common Pleas
Case No. CR-20-650250-A
Application for Reopening
Motion No. 556031

*Appearances:*

Michael Dudas, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1}  Michael Dudas has filed an application for reopening pursuant to App.R. 26(B).  Dudas is attempting to reopen the appellate judgment rendered in *State v. Dudas*, 8th Dist. Cuyahoga No. 110573, 2022-Ohio-931, that affirmed his plea of guilty and sentence for the offenses of aggravated murder, aggravated robbery, and misuse of a credit card imposed in *State v. Dudas*, Cuyahoga C.P. No.

CR-20-650250-A. We decline to reopen Dudas' appeal because it is untimely filed as required by App.R. 26(B)(1).

{¶ 2} App.R. 26(B)(2)(b) requires that Dudas establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment" that is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has established that

> [w]e now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B). * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * *The 90-day requirement in the rule is "applicable to all appellants," State v. Winstead*, 74 Ohio St.3d 277, 278, 658 N.E.2d 722 (1996), and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

(Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. *See also State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

{¶ 3} Herein, Dudas is attempting to reopen the appellate judgment that was journalized on March 24, 2022. The application for reopening was not filed

until June 28, 2022, more than 90 days after journalization of the appellate judgment in *Dudas, supra.* Dudas has not argued any reasons to establish good cause for the untimely filing of his application for reopening. It must also be noted that any delay associated or caused by a prison mail delivery system does not establish good cause for the untimely filing of an application for reopening. *State v. Black*, 8th Dist. Cuyahoga No. 108001, 2020-Ohio-3278; *State v. Campbell*, 8th Dist. Cuyahoga No. 105488, 2018-Ohio-3494; *State v. Harris*, 8th Dist. Cuyahoga No. 104329, 2018-Ohio-839.

{¶ 4} Accordingly, the application for reopening is denied.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
LISA B. FORBES, J., CONCUR